Dannie **SHORT** et al., Plaintiffs,

v.

**FULTON REDEVELOPMENT CO., INC.,**
et al., Defendants.

Nos. 72 Civ. 3650, 72 Civ. 4135.

United States District Court,
S. D. New York.

June 23, 1975.

 

The Legal Aid Society of Westchester County, for plaintiffs by Martin A. Schwartz, White Plains, N. Y., Gerald A. Norlander, Mount Vernon, N. Y., of counsel.

Paul J. Curran, U. S. Atty., for defendants U. S. Dept. of Housing and Urban Development, James T. Lynn and S. William Greene by William Bronner, Asst. U. S. Atty., of counsel.

Robinson, Silverman, Pearce, Aronsohn, Sand & Berman, New York City, for defendants Fairview Manhattan Associates, David Bogdanoff and Muriel Bogdanoff by Leonard B. Sand, New York City, of counsel.

Gilberg & Gilberg, Mount Vernon, N. Y., for defendant Fulton Redevelopment Co., Inc., by David C. Gilberg, Mount Vernon, N. Y., of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge.

In an opinion dated January 10, 1975, I decided that the constitutional requirements of due process mandate that a hearing prior to eviction must be afforded to residents in housing receiving federal mortgage insurance under § 221(d)(3) of the National Housing Act, 12 U.S.C. § 1715*l*(d)(3). At the end of that opinion I directed the parties to submit a proposed injunction. However, no proposed injunction has been submitted because the parties have been unable to agree on the precise scope of the injunction.

In an attempt to have me delineate the parameters of the injunctive relief I intend to grant, the governmental defendants have made a motion for reconsideration of my prior opinion. The plaintiffs do not oppose a reconsideration and the motion to reconsider is therefore granted.

There are basically two issues on which the parties seek further instructions: first, whether geographically the injunction should extend nationwide or

be limited to New York State; and second, whether the pre-eviction hearing should be judicial or administrative.

As to the first issue, plaintiffs argue that the federal government administers 221(d)(3) housing nationwide and that class relief should be granted on the same nationwide basis. Plaintiffs point to the class action stipulation which was "so ordered" by me on July 13, 1973, and which states that "[t]here are approximately 164,203 units of housing in the United States, the mortgage loans of which were insured under the 221(d)(3) Below Mortgage Interest Rate Program." Plaintiffs contend that this sentence lends support to their position that the class was intended to be nationwide. The other parties to that stipulation, the governmental defendants, state that the "stipulation did not make any reference to the size of the class involved." Gov. memorandum of Jan. 27, 1975, at p. 3.

Since the parties to the stipulation obviously cannot agree as to its meaning, the problem of construction falls to me. I do not read the portion of the stipulation relating the number of 221(d)(3) units in the United States to be a determination of nationwide class status; not did I read it that way when I "so ordered" it. To the extent that this opinion more precisely defines the size of the class, the "so ordered" stipulation of July 13, 1973 is hereby amended.

The governmental defendants argue that geographically the relief should be limited to New York State. This limitation was suggested because New York State is the only portion of the Second Circuit which lies within Region II of the Housing and Urban Development (HUD). The other states in the Second Circuit lie within other regions and the other portions of Region II are not within this Circuit.

■ I find the government's suggestion to limit relief to New York State most workable and acceptable. Not all courts of appeals have adopted the position taken by the Second Circuit in *Lopez v. Henry Phipps Plaza South*, 498 F.2d 937 (1974). Further, the parties themselves have only discussed the appropriate injunctive remedies in terms of New York landlord-tenant laws. The applicable landlord-tenant laws of other states have been neither briefed nor argued. Accordingly, the injunctive relief will be limited to the 221(d)(3) housing units located in the State of New York.

■ The second and remaining question to be decided on this reconsideration involves the nature or type of hearing mandated by my earlier opinion. The parties agree that there are three possible mechanisms by which the hearing requirement could be met: first, utilization of state courts; second, a HUD administrative hearing; and third, administrative hearings conducted by the developers.

In *Lopez v. Henry Phipps Plaza South, supra*, the Second Circuit approved use of the third alternative, i. e., administrative proceedings conducted by the developers. See *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Although the *Lopez* court approved the use of developer administered hearings, it did not rule that other methods would not be equally satisfactory. Indeed, the court showed awareness that the type of hearing mandated by due process requirements would vary from situation to situation. 498 F.2d at 944.

In this case I find that the use of the state courts would be most advantageous. From a pragmatic viewpoint, this alternative would be least costly to implement since the state courts already have an operational framework within which landlord-tenant disputes are processed and decided. Further, use of the state courts will provide neutral decision makers and will capitalize on the experience and expertise they have developed in the landlord-tenant field. Thus, as long as the requisite procedural protections are provided by the state courts, *Escalera v. New York City Housing Authority*, 425 F.2d 853, 863 (2d Cir.), cert. denied, 400 U.S. 853, 91 S.Ct. 54,

27 L.Ed.2d 91 (1970), use of those courts is satisfactory. See *Joy v. Daniels*, 479 F.2d 1236, 1242–43 (4th Cir. 1973); *McQueen v. Drucker*, 317 F. Supp. 1122, 1131–32 (D.Mass.1970), *aff'd on other grounds*, 438 F.2d 781 (1st Cir. 1971).

However, if state court proceedings prove to be too summary, then administrative hearings will be necessary. The question of whether such administrative hearings must be conducted under the auspices of HUD or the developers is not ripe at this point and will be reached only on a showing that the state court hearings have proven inadequate.

The parties are directed to submit a proposed injunction in conformity with this opinion.